Olivia A. JOHNSON, Plaintiff,

v.

**TOWN OF NANTUCKET, Nantucket Police Department, David Smith, Nicolas Cadavid, William Pittman and Michael Glowacki, Defendants.**

**Civil Action No. 06–10828–NMG.**

United States District Court,
D. Massachusetts.

April 7, 2008.

James Michael Caramanica, Carleen & Caramanica PC, Stoneham, MA, for Plaintiff.

Douglas I. Louison, Regina M. Ryan, Louison, Costello, Condon & Pfaff, LLP, Boston, MA, for Defendants.

## MEMORANDUM & ORDER

GORTON, District Judge.

The plaintiff, Olivia A. Johnson ("Johnson") was arrested on charges of domestic assault and battery on July 1, 2005, after she allegedly assaulted her roommate. She, in turn, alleges negligence, intentional infliction of emotional distress and state and federal civil rights violations against the arresting officers, the Nantucket Police Department and the Town of Nantucket. Before the Court is the motion of all defendants for summary judgment.

### I. *Background*

Although the plaintiff was arrested and charged with Domestic Assault and Battery following an altercation with her assumed roommate in 2005, she was never tried for that offense. In the present action she brings suit against the Town of Nantucket ("the Town"), its Police Department, the arresting officer, Sgt. David Smith ("Smith"), the officer who assisted in the arrest, Nicolas Cadavid ("Cadavid"), the Police Chief, William Pittman ("Pittman") and the Chairman of the Town Board of Selectmen, Michael Glowacki ("Glowacki").

Johnson pleads the following causes of action against all defendants: 1) negli-

gence, 2) negligent and intentional infliction of emotional distress, 3) violations of M.G.L. c. 12 §§ 11H and I ("the MCRA") and 4) violations of 42 U.S.C. § 1983. She pleads negligent training and supervision against Pittman, the Town and the Police Department. There is substantial disagreement with respect to the facts underlying this dispute, all of which will be viewed in the light most favorable to Johnson in deciding the defendants' motion for summary judgment.

According to the plaintiff, Pruitt was not her roommate and did not pay rent but had merely been staying with Johnson for the preceding several weeks. Johnson had informed Pruitt that she could no longer stay in her apartment on the afternoon of July 1, 2005, at which time Pruitt physically attacked Johnson. Johnson defended herself and then left the premises. Pruitt contacted the police who initially labeled her allegations "unfounded" but two officers were dispatched to the scene at 6:26 p.m. Johnson was absent when the police arrived but they returned at 8:39 p.m. and again at 10:22 p.m., shortly after she returned home.

Johnson alleges that Sargeant Smith and Officer Cadavid entered her home without her permission and came up to her bedroom. After asking her name, Sgt. Smith said that she was the "black bitch" he was looking for in response to which she asked if the officers had a warrant for her arrest. Smith said that he did not need a warrant and Johnson then told him to leave her house. Smith then struck her several times before forcibly arresting her. The defendants' response that they employed force only to counter her attacks on them presents a clear issue of material fact.

Johnson admits that a restraining order was issued against her but notes that it was not issued until 10:25 p.m., after the police had already come to her home to arrest her. Her opposition to the motion for summary judgment asserts that there are two genuine issues of material fact still in dispute: 1) the presence or absence of probable cause for her arrest and 2) the physical force and abusive language employed by the officers effecting her arrest.

## II. *Analysis*

### A. Legal Standard

The role of summary judgment is "to pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Mesnick v. General Elec. Co.*, 950 F.2d 816, 822 (1st Cir. 1991) (quoting *Garside v. Osco Drug, Inc.*, 895 F.2d 46, 50 (1st Cir.1990)). The burden is upon the moving party to show, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. *O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir.1993). If, after viewing the record in the non-

moving party's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

## B. Application
### 1. Municipal Liability

■ As a preliminary matter, the MCRA does not provide a cause of action against municipal defendants. *Kelley v. LaForce*, 288 F.3d 1, 11 (1st Cir.2002). The state law claims against the Town and its Police Department must, therefore, fail.

■ The federal civil rights statute imposes no such limitation. To prevail against the Town on her federal claim, the plaintiff must demonstrate that the violation of her civil rights arose out of the official custom or policy of the municipality. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Nowhere in the record, nor in her opposition to the defendants' motion to dismiss, does the plaintiff identify any evidence in support of the proposition that the alleged violation of her civil rights can be attributed to an official custom or policy. There remains, therefore, no genuine issue of material fact regarding municipal liability. The Town of Nantucket and the Nantucket Police Department are entitled to summary judgment on the federal civil rights claims.

Johnson also alleges negligence and negligent training and supervision on the part of the Town and the Police Department but those allegations are similarly unsupported by the record. The record reveals nothing to suggest that the Town or the Department was in any way wrongfully involved in Johnson's arrest nor the existence of any shortcoming in their official policies, training or supervision. The motion for summary judgment as to the municipal defendants will be allowed.

### 2. Pittman and Glowacki

■ The defendants' motion for summary judgment asserts that Pittman, the Chairman of the Board of Selectmen, and Glowacki, the Chief of Police, were not directly involved in the incident. The Complaint alleges negligent training and supervision which could, if proven, provide a basis for the liability of Glowacki. Nothing in the record, however, describes the Nantucket Police Department's training practices or its alleged shortcomings in any way. The defendants have demonstrated that there is no genuine issue of material fact regarding Glowacki's involvement and he is, therefore, entitled to summary judgment.

The connection to Pittman and the Board of Selectmen is even more attenuated. Apart from speculation about unstated Town policies, the formulation of which may have involved Pittman, there is not so much as a colorable connection between him and Johnson's grievance. Because there is no genuine issue of material fact with respect to any liability of Pittman, the motion for summary judgment with respect to him will be allowed as well.

### 3. Smith and Cadavid

Johnson alleges four counts against the two officers who were present at the time that she was arrested: negligence, negligent or intentional infliction of emotional distress, violations of the MCRA and violations of § 1983. Each will be discussed in turn.

#### a. Negligence

■ The defendants' motion for summary judgment makes no mention of the negligence claim against them. Nonetheless, Massachusetts law precludes plaintiffs from recovering damages from public employees for "negligence" when and if those officers were acting within the scope of their office or employment. M.G.L. c.

258 § 2; *Doe v. D'Agostino*, 367 F.Supp.2d 157, 174 (D.Mass.2005). Because there is no allegation that Smith and Cadavid were acting in any capacity other than their official role as police officers, the negligence claims against them fail as a matter of law.

### b. Negligent or Intentional Infliction of Emotional Distress

Negligent infliction of emotion distress is, of course, a species of negligence. It is subject to the same statutory bar as the general negligence claims discussed above. What remain are the claims of intentional infliction of emotional distress.

 In order to prevail on a claim of intentional infliction of emotional distress, a plaintiff must prove the following four elements:

1) the defendant intended to inflict emotional distress, or knew or should have known that emotional distress would likely result,

2) the defendant's conduct was "extreme and outrageous" to the extent that it was "utterly intolerable in a civilized society",

3) the defendant's conduct caused the plaintiff's distress, and

4) the plaintiff sustained "severe" emotional distress.

*Fredette v. Allied Van Lines, Inc.*, 66 F.3d 369 (1st Cir.1995). The question before the Court at this time, therefore, is whether a reasonable jury could conclude that the plaintiff has established each of the requisite elements. The evidence of the defendants' intent is circumstantial but it is not entirely absent. To address a suspect as a "black bitch" (if it happened) and to tell her, under the circumstances, that no warrant was necessary for her arrest was outrageous conduct from a police officer and, if proven, would support the inference that the defendants intended to, and did, cause severe emotional distress to the

plaintiff. The motion for summary judgment with respect to intentional infliction of emotion distress will be denied.

### c. Civil Rights Claims

Johnson's remaining causes of action plead violations of the federal and state civil rights statutes, 42 U.S.C. § 1983 and M.G.L. c. 12 § 11H. Section 1983 provides a cause of action for any person deprived of her civil rights by a person acting under color of state law. 42 U.S.C. § 1983. In this case, Johnson alleges that she was deprived of her rights to be free from arrest without probable cause and from the use of excessive force, each of which arises out of the Fourth Amendment prohibition against unreasonable seizures.

The federal and state civil rights statutes are coextensive in nearly every respect. *Duarte v. Healy*, 405 Mass. 43, 537 N.E.2d 1230 (1989). The two notable differences are that, unlike § 1983, the MCRA does not authorize suit against municipalities nor is there a "color of state law" requirement under that statute. *Kelley v. LaForce*, 288 F.3d 1, 11 (1st Cir. 2002); M.G.L. c. 12 § 11H. The exclusion of municipal defendants has been discussed above and it does not affect the analysis of claims against the individual defendants. The color of law requirement is not at issue in this case because Sargeant Smith and Officer Cadavid were undisputedly acting in their official capacities as police officers during the incident in question. Furthermore, the standard for the affirmative defense of qualified immunity is identical under the state and federal statutes. They will, accordingly, be treated together.

### i. Qualified Immunity

The Supreme Court and the First Circuit Court of Appeals have set forth a preferred procedure for the analysis of qualified immunity in § 1983 claims.

First, the Court must ask whether the plaintiff has "alleged the deprivation of an actual constitutional right." *Abreu–Guzman v. Ford*, 241 F.3d 69, 73 (1st Cir.2001) (*citing Wilson v. Layne*, 526 U.S. 603, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999)). Second, the Court must determine whether the right was "clearly established at the time of the alleged violation". *Abreu–Guzman*, 241 F.3d at 73. Finally, if those two questions are answered in the affirmative, the Court turns its attention to the specific conduct alleged and asks

> whether an objectively reasonable officer, performing discretionary functions, would have understood that his or her conduct violated that clearly established constitutional right.

*Id.* (*citing Harlow v. Fitzgerald*, 457 U.S. 800, 818–19, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)).

In deciding a motion for summary judgment, all evidence is viewed in the light most favorable to the plaintiff. *O'Connor v. Steeves*, 994 F.2d 905, 907 (1st Cir.1993). Only after the plaintiff is given the benefit of all reasonable inferences does the objective analysis described above begin.

### ii. Application

In this case Johnson has alleged, and supported with her own sworn affidavit as well as that of her "adoptive son" (to whom she refers in her affidavit), the following course of events:

1) following her altercation with Pruitt, Pruitt complained to the police about physical abuse by Johnson whom Pruitt described as her roommate;

2) the police did not initially credit Pruitt's account but, at some time later in the evening, decided to arrest Johnson nonetheless;

3) without a warrant for her arrest, Sgt. Smith and Officer Cadavid entered Johnson's home without permission, verbally abused her and, when she did not immediately submit to a warrantless arrest, physically assaulted her; and

4) Johnson admits that she bit Officer Cadavid's arm but asserts that this was only after excessive force was levied against her by the police.

Those allegations, if proven, would constitute the deprivation of an actual constitutional right, to wit, the right to be free from the use of excessive force. That right was well established at the time of the alleged violation, *See, e.g., Johnson v. Glick*, 481 F.2d 1028 (2d Cir.1973) (overruled on other grounds), so the plaintiff has met the first two prongs of the *Abreu–Guzman* test for overcoming qualified immunity. *Abreu–Guzman*, 241 F.3d at 73. The final question is whether the officers' conduct was "objectively reasonable".

Although the defendants are correct that the test for reasonableness must be applied from the perspective of an officer on the scene rather than with the benefit of hindsight, some guiding principles remain. The proper application of the reasonableness inquiry

> requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether [s]he is actively resisting arrest of attempting to evade arrest by flight.

*Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). Furthermore, although this standard is "comparatively generous to the police in cases where potential danger, emergency conditions or other exigent circumstances are present", *Berube v. Conley*, 506 F.3d 79, 83 (1st Cir.2007), no such exigency existed here. The plaintiff was unarmed and it is no denigration of the seriousness of domestic abuse to recognize that it is not an

offense that inherently gives rise to danger to investigating police officers.

██ Assuming the factual background to be as Johnson has described it, no reasonable officer would believe that the conduct alleged was lawful. If Johnson's sole "resistance" to arrest was to inquire whether Sgt. Smith had a warrant and then to tell him to leave her premises, physical violence, however minor, was an inappropriate response. Johnson alleges that she was struck in the head and forced onto the bed without so much as a request that she put out her hands to be handcuffed. In the absence of any risk or exigency, the force allegedly employed by Smith would, indeed, be excessive.

## ORDER

In accordance with the foregoing, the defendants' motion for summary judgment (Docket No. 18) is, with respect to the claims of intentional infliction of emotional distress and civil rights violations against Sgt. Smith and Officer Cadavid, **DENIED**, but is otherwise **ALLOWED**.

**So ordered.**